IvAMY, J.,
dissenting.
I respectfully dissent from the majority’s determination that the Motion for Judgment Notwithstanding the Verdict should be amended and affirmed. As pointed out by the trial court in its reasons for ruling, the jury awarded the past medical expenses requested by the plaintiff. It follows that the jury, therefore, concluded that the accident caused the herniation requiring the surgery performed by Dr. Blanda.
Turning first to the award for general damages, it is important to note that the jury awarded a total of $62,500. Drawing all inferences in favor of the defendant, as is required in review of a JNOV, I conclude that the record does not require the trial court’s increase of this portion of the damages award. Instead, the evidence permitted the jury to recognize that while the plaintiff underwent a two-level lumbar fusion that only partially healed, Dr. Blan-da testified that the surgery was partially successful with the possibility of further natural healing and that another surgery was an option. Further, the plaintiffs pain was improved after the surgery and the leg pain complained of resolved. Dr. Blanda testified that, at the time of trial, Mr. Harris could return to light/sedentary work for six months and, after this period, he would see what developed with regard to working capabilities. He testified that another surgery was a possibility in order to promote the fusion, but that the plaintiff was uninterested. While the plaintiff testified regarding his continuing complaints of pain, these complaints were not so severe nor the limitations on his personal life so |(>great that the trial court was required to raise the general damages award. This evidence, I find, supports the award for general damages determined by the jury, barring the granting of a motion for JNOV.
With respect to the trial court’s increase of the past lost wages award of $11,718 and the future loss of earnings or earning capacity award of $32,000,1 find that, here too, the record supports the jury’s award, when considered in the light most favorable to the defendant, as is required by the standard for evaluating a motion for JNOV. As for the award for past lost wages, the figure awarded reflects the jury’s acknowledgment that the plaintiffs work history over the years prior to the accident revealed only partial employment at low-paying jobs. In fact, prior to trial, the plaintiffs highest yearly earnings had been $13,733. Furthermore, Dr. Blanda released the plaintiff to return to light duty work in December 1998. While the jury could have concluded that the plaintiff would have been unable to obtain light duty work, due to limited educational qualifications, as urged by the plaintiff, the jury was also free to accept the testimony of the defendant’s vocational rehabilitation expert regarding light/sedentary jobs for which she found the plaintiff suited. Despite the plaintiffs argument to the contrary, she testified that the plaintiff would be employable even with educational limitations and a right arm palsy, a physical disability the plaintiff had lived and worked with since birth.
Similarly, I conclude that the record supports the jury’s $32,000 award for loss of earning capacity. Inherent in this award is a recognition that the plaintiff may not be able to return to a manual labor position, but that he can return to employment. The defendant’s expert in determining economic loss testified that if the plaintiff returned to a position paying six dollars per hour, four months after trial, he would have a loss of earning capacity in the range of $25,000-$32,200. The $32,000 ^awarded by the jury reflects an acceptance of this type of earning ca *137 pacity. Furthermore, the jury was free to accept that the plaintiff had no loss of earning capacity given the testimony of the defendant’s vocational rehabilitation expert about the availability of light/sedentary positions for which she found the plaintiff suited.
For these reasons, I conclude that this above evidence indicates that the jury’s award in this area is supported by the record and was inappropriate for a JNOV. Accordingly, I would reverse the JNOV in full and, for the same reasons, would reverse the trial court’s granting of the conditional new trial. See Joseph v. Broussard Rice Mill, Inc., 00-628 (La.10/30/00); 772 So.2d 94.